## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| ANGELA VALANIA, on behalf of herself and similarly situated employees, | : CIVIL ACTION<br>:<br>: FILED ELECTRONICALLY |
| Plaintiff, | : ON SEPTEMBER 6, 2024 |
| v. | :<br>: |
| TTC CLEANING SOLUTIONS, LLC, | : |
| Defendant. | : |
|  | : |

## **COMPLAINT - COLLECTIVE ACTION**

Angela Valania ("Plaintiff") brings this lawsuit against TTC Cleaning Solutions, LLC ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.* Plaintiff sues on behalf of herself and similarly situated workers pursuant to the FLSA's collective action mechanism. *See* 29 U.S.C. § 216(b).[1]

## **JURISDICTION AND VENUE**

1.      Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b)

---

[1]  If discovery reveals that Federal Rule of Civil Procedure 23(a)(1)'s "numerosity" requirement is satisfied, then Plaintiff might seek to amend her complaint to seek relief on behalf of other workers per Rule 23's class action mechanism.

and 28 U.S.C. § 1331.

2.      Jurisdiction over the PMWA claim is proper under 28 U.S.C. § 1367.

3.      Venue in this Court is proper under 28 U.S.C. § 1391.

## PARTIES

4.      Plaintiff resides in Lehighton, PA (Carbon County).

5.      Defendant is a corporate entity that, according to paystubs issued to

Plaintiff, is headquartered at 3214 South Quarry Street, Whitehall, PA 18052

(Lehigh County).

6.      Plaintiff is an employee covered by the FLSA and PMWA.

7.      Defendant is an employer covered by the FLSA and PMWA.

## FACTS

8.      Defendant owns and operates a business that provides commercial

cleaning services to businesses and governmental entities.

9.      Defendant employs individuals who are paid an hourly wage to

provide Defendant's cleaning services to customers.  We will call these individuals

"hourly employees."

10.     Plaintiff worked for Defendant as an hourly employee during all

relevant times prior to mid-August 2024.

11.     Plaintiff, like other hourly employees, often worked over 40 hours per

week.

12.    The FLSA and PMWA require that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week.  *See* 29 U.S.C. § 207(a)(1); 43 P.S. § 333.104(c).  Notwithstanding this requirement, Defendant has failed to pay overtime wages to Plaintiff and other hourly employees.  For example, during the two-week pay period ending March 12, 2023, Plaintiff was credited with working 106 total hours and was paid at her regular hourly pay rate of $14.00 for *all* such hours; no overtime premium payments were made.

## COLLECTIVE ACTION ALLEGATIONS

13.    Plaintiff brings her FLSA and PMWA claims pursuant to 29 U.S.C. §216(b), on behalf of the following collective:  All individuals who, during any time after September 6, 2021, have been employed by Defendant, paid an hourly wage, and credited with working a total of over 40 hours during any week.[2]

14.    This lawsuit should proceed as a collective action because Plaintiff and other collective members, having worked pursuant to the common compensation policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

---

[2]    Individuals who "opt-in" to a collective action per 29 U.S.C. § 216(b) join "the action as a whole."  *Prickett v. Dekalb County*, 349 F.3d 1294, 1297 (11th Cir. 2003).  Thus, any individuals who "opt-in" to this action will be covered by *both* the FLSA clam *and* the PMWA claim.

## COUNT I – FLSA

15.    The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week.  *See* 29 U.S.C. § 207(a)(1).

16.    In paying Plaintiff and other collective members regular hourly pay rates for hours worked over 40 per week, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions and, as such, willfully violated the FLSA.

## COUNT II – PMWA

17.    The PMWA requires that employees receive overtime premium compensation "not less than one and one-half times" the employee's regular pay rate for hours worked over 40 per week.  *See* 43 P.S. § 333.104(c).

18.    Defendant has violated the PMWA by paying Plaintiff and other collective members regular hourly pay rates for hours worked over 40 per week.

## PRAYER FOR RELIEF

Plaintiff, on behalf of herself and other collective members, seeks the following relief:

A.    Unpaid overtime wages and prejudgment interest;

B.    Liquidated damages to the fullest extent permitted under the FLSA;

C.    Litigation costs, expenses, and attorneys' fees; and

D.    Such other and further relief as the Court deems just and proper.

Date:  September 6, 2024                          Respectfully,

_____

Peter Winebrake
Michelle Tolodziecki
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491
pwinebrake@winebrakelaw.com
mtolodziecki@winebrakelaw.com

## <u>CONSENT TO BECOME PARTY PLAINTIFF</u>

I hereby consent, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to become a party plaintiff in the accompanying FLSA action.  I understand that I will be bound by the judgment of the Court on all issues in this case.

_____
Signature

_____
Print Name